UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER HIGH EAGLE,<br><br>Defendant. | Case No. 4:20-cr-00193-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Defendant Walter High Eagle's Motion to Correct and Reduce Sentence Pursuant to Federal Rule of Criminal Procedure 35 (Dkt. 51). For the reasons explained below, the Court will deny the motion. Additionally, the Court will deny the request for oral argument as the briefing adequately addresses the relevant issues.

# BACKGROUND

In July 2020, Defendant Walter High Eagle was arrested and charged with six counts in Shoshone-Bannock Tribal Court. The conduct that resulted in the tribal charges is the same conduct that led to the federal charges in this case. In August 2020, roughly a month after the initial arrest, a nine-count indictment was filed in this case. Mr. Eagle was charged with seven counts of assault on an officer

MEMORANDUM DECISION AND ORDER - 1

and two firearm offenses.

Mr. Eagle sat in trial jail for roughly 11 months – until June 2, 2021 – before the federal arrest warrant was executed. In tribal court, Mr. Eagle eventually pleaded guilty to various charges, including assault on a judge or policeman, illegal possession of property, and false arrest. *See Tribal Court Plea Agmt. & Order,* Dkt. 52-1.The tribal court sentenced Mr. Eagle to 390 days in custody, which was ordered "to run concurrent with time being served in Federal Custody." *See Order of Final Commitment & for Release Upon Completion of Sentence,* Dkt. 52-1, at 4. That Order specifically stated that it was "only valid if Defendant is taken into Federal Custody." *Id.* Mr. Eagle was taken into custody on June 2, 2021 – the same day that order was signed. He later pleaded guilty to two counts of assault on an officer and one count of using a firearm in furtherance of a violent crime. The Court sentenced Mr. Eagle to 144 months' incarceration. Mr. Eagle now says the Court should credit Mr. Eagle with the 11 months he spent in tribal jail between his arrest and the date the warrant was executed in this case—that is, between July 17, 2020 and June 2, 2021.

## ANALYSIS

Mr. Eagle brings this motion under Federal Rule of Criminal Procedure 35(a), which provides as follows:

(a) <u>Correcting Clear Error</u>. Within 14 days after sentencing, the

court may correct a sentence that resulted from arithmetical, technical, or other clear error.

Mr. Eagle filed his motion within seven days of the sentencing in this matter, but the Court is not persuaded that there was any "arithmetical, technical, or other clear error" that stands to be corrected.

Mr. Eagle's counsel says he was the second appointed attorney in this case, and that he simply failed to identify the issue regarding the 11 months Mr. Eagle spent in tribal custody. He says that unless the Court reduces the sentence by 11 months, Mr. Eagle will "double serve for the same offense." *Motion Mem.,* Dkt. 51-1, at 3. The government, however, explains that those 11 months were not related to the federal charges in this case. Rather, Mr. Eagle chose to use those 11 months of tribal custody to pay off old fines by being in custody. The documents submitted from tribal court are consistent with that assertion. *See, e.g., June 2, 2021 Trial Court Order,* Dkt. 52-1, at 4. For that reason, even if counsel had raised the issue at sentencing, the Court would not have departed by 11 months, as counsel now suggests.

The government says it does not oppose issuing an amended judgment, clarifying the sentence in this case shall run concurrently with the 390-day tribal sentence – to ensure that defendant gets credit for those 390 days. The Court will decline to enter such an amended judgment. After all, Mr. Eagle is serving his

federal sentence, so he should receive credit for all time spent in federal custody, and the tribal court judgment expressly states that the tribal sentence will run concurrently with the time Mr. Eagle spent in federal custody. If, for some reason, BOP is not appropriately calculating Mr. Eagle's time, the remedy would be for Mr. Eagle to exhaust his administrative remedies and then file a petition under 28 U.S.C. § 2241 in the district where he is incarcerated.

## ORDER

**IT IS ORDERED that** Defendant Walter High Eagle's Motion to Correct and Reduce Sentence Pursuant to Federal Rule of Criminal Procedure 35 (Dkt. 51) is **DENIED**.

DATED: August 4, 2023

_____
B. Lynn Winmill
U.S. District Court Judge